# Savage v. Milum.

### *Ejectment.*

(Decided Dec. 22, 1910.  54 South. 180.)

1. *Fraudulent Conveyances; Evidence; Consideration.*—On the issue of whether a husband's deed to the wife is. fraudulent, it is competent for her to show that the deed was given to discharge the husband's debt to her arising from a conversion by him of her separate estate, the source of such estate, its value when converted, and the conversations between them at the time of making the deed relative to its being in settlement of the debt.

2. *Same; Consideration; Evidence.*—Where the issue was as to whether the husband's deed to the wife was fraudulent, the wife can show that the amount of the husband's debt which the deed was given to pay exceeded the recited consideration of the deed, such recited consideration not being conclusive.

3. *Same; Intent; Effect.*—A conveyance at a fair price to pay a bona fide debt is not affected by the fraudulent intent of the grantor.

4. *Same; Right to Prefer Creditors.*—Under some circumstances an insolvent can prefer one creditor over another.

5. *Trial; Exceptions to Instructions; Sufficiency.*—Unless the whole charge is bad an exception to the charge as a whole, and to each clause separately is not availing.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. A. W. SMITH, Special Judge.

Ejectment by W. A. Savage against Martha R. Milum. Judgment for defendant and plaintiff appeals. Affirmed.

MARCUS M. & VICTOR H. SMITH, for appellant. The deed was absolutely void under the statute of frauds. —Sec. 4293, Code 1907. The plaintiff claimed under a sheriff's deed and the recitals of the deeds from Mylum to his wife, were not evidence as against the plaintiff. The onus was on the appellee to prove an adequate and valuable consideration, and the deed will be presumed to be fraudulent until such is shown.—*Hubbard v. Allen*, 59 Ala. 283; *McClellan v. Anderson*, 109 Ala. 571; *Ely v. Pace*, 139 Ala. 298. The deed was not shown to be supported by an adequate and valuable consideration, and not made with fraudulent intent.—*Wood v. Potts*, 140 Ala. 425. On these authorities, it is insisted that the court erred in the admission of evidence, and in the charges given.—*Russell v. Davis*, 133 Ala. 655; *Davis v. Vandiver*, 160 Ala. 454; *Houston v. Blackmon*, 66 Ala. 283; *Tutwiler v. Munford*, 68 Ala. 124; *Murphy v. Greene*, 128 Ala. 486.

STARNES & GREENE, and JAMES T. GREENE, for appellee. No brief reached the Reporter.

DOWDELL, C. J.—This is a statutory action of ejectment. The parties claim title from a common source. The plaintiff's claim of title is based on a sheriff's deed in attachment proceedings against Wiley J. Milum, the husband of the defendant, and the defendant's claim of title is based on a deed direct to her from the said Wiley J. The defendant's deed is prior in point of time to the issuance and levy of the attachment. The deed of the defendant was attacked as a fraudulent conveyance under the statute, made with the intent to hinder, delay, or defraud the creditors of the grantor. This was the main issue in the trial of the case in the court below.

[Savage v. Milum.]

The assignments of error on this appeal relate to the rulings of the court on the admission of evidence and to the instructions of the court to the jury. The bona fides of the transaction between the defendant and her husband in the making of the conveyance being in issue, evidence tending, on the one hand, to sustain, and, on the other, to impeach, it, was relevant and competent. Therefore, it was competent for the defendant to show that the deed from her husband was made in consideration and extinguishment of a prior indebtedness from him to her, and that said indebtedness arose out of a conversion and appropriation by him of her separate estate. And to this end it was permissible for her to show from what source she derived her estate, its value, and when converted. For the purpose of showing this the deed to her from her father was admissible in evidence. What was said by the husband and wife, grantor and grantee, in the making and acceptance of the deed, as to its being made in settlement and payment of his indebtedness on account of his having converted her estate, was, also, admissible in evidence. The amount recited in the deed as being the purchase price in the deed as being the purchase price of the land conveyed, was not conclusive, and it was therefore permissible for the wife, the grantee, to show by competent evidence that the amount of her husband's indebtedness to her, and for which the deed was given in settlement, was greater than the recited purchase price.

Under the law of this state, a debtor though insolvent, may prefer one creditor over another.—Mayfield's Dig. vol. 3, p. 857, § 113, and page 873, § 396. "A sale in payment of a bona fide debt is not affected by an actual fraudulent intent on the part of the grantor, because in law there could be no fraud as to it."—Mayfield's Dig. vol. 3, p. 873, § 394. "If the sale is to pay a debt hon-

estly due at a fair price, and no interest or benefit reserved to the grantor, the sale is not assailable and fraud has no room for operation."—Mayfield's Dig., vol. 3, p. 873, § 395.

Applying the above-quoted principles to the rulings of the trial court to which exceptions were taken, both as to the introduction of evidence and the giving and refusal of charges, we fail to see that any reversible error has been committed. The record purports to contain a part of the court's oral instructions to the jury, constituting four pages of the transcript, and at the conclusion of which the bill of exceptions recites: "The plaintiff excepted to the foregoing portion of the court's charge as a whole and to each clause or parcel thereof separately and severally." The part set out contained many clauses or parcels. The exception singles out no particular clause except in the manner above stated. Such an exception is unavailing. In reality it is nothing more nor better than an exception to the charge as a whole, and unless the charge is bad as a whole nothing can be taken by the exception. To permit such a practice, a party at the conclusion of the court's oral charge in every case need only to "except to the charge as a whole and each clause and parcel thereof separately and severally," to require this court to search for erroneous "clauses or parcels." Moreover, it would be unfair to the trial court in not calling its attention to the questionable "clause" by pointing it out specifically. The judgment appealed from is affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.